J-S41017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER COLLICK | : | |
| Appellant | : | No. 90 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 19, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010158-2021

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED JANUARY 13, 2025**

Appellant, Christopher Collick, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to unlawful contact with a minor, corruption of minors, concealment of the whereabouts of a child, and indecent assault without consent.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On February 16, 2023, Appellant appeared before the court to enter a guilty plea to the above-mentioned crimes. The trial court reviewed Appellant's written guilty plea colloquy and conducted an oral colloquy to confirm that Appellant was entering his plea knowingly, intelligently, and voluntarily. The

_____

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1), 2909(a), and 3126(a)(1), respectively.

Commonwealth then set forth the following factual basis for the plea:

> [I]n 2020 the complaining witness…was fourteen to fifteen years old. [Appellant] was her assigned Community Umbrella Agency caseworker. He worked for NET Community Cares. At that time in October or November of 2020, the complainant was A[WOL] and she was supposed to be in foster care and in the custody of her foster parents. She was missing and at that time [Appellant] was texting the complainant inappropriate things, such as soliciting her for naked pictures, telling her he wanted to taste her vagina, talking to her about having sex and her body. He also met with her at the location where he knew that she was. He touched her breast over her clothes and her vagina over her clothes and kissed her mouth and neck.
>
> [Appellant] additionally concealed [the] whereabouts of the child from authorities, and did not follow the protocols set forth by DHS and the Community Umbrella Agency in regards to dealing with a child who was missing.

(N.T. Plea Hearing, 2/16/23, at 7-8). The court accepted Appellant's plea as knowing, intelligent and voluntary.

Following the entry of the plea, defense counsel requested that the court impose a sentence on one of the charges that day to address the Commonwealth's "concerns of [Appellant] withdrawing a plea later," and then to defer sentencing on the other offenses. (*Id.* at 11).[2] Defense counsel explained that "[o]bviously, if he pleads and is sentenced on one then he's

_____

[2] Defense counsel requested that the court bifurcate sentencing, notwithstanding Appellant's plea to a negotiated sentence, because Appellant wished to freely travel for Ramadan without being subject to sex offender registration restrictions.

- 2 -

unable to do so." (*Id.*)[3] The trial court granted the request and sentenced Appellant to seven years of probation on his conviction for concealing the whereabouts of a child. (*Id.* at 19). The court scheduled sentencing for April 15, 2023 for the remaining offenses.

Sentencing was twice continued at Appellant's request. Then, on June 20, 2023, Appellant filed a motion to withdraw his guilty plea, asserting that he was innocent of all charges. (Motion to Withdraw Guilty Plea, filed 6/20/23, at ¶4) (stating: "Petitioner asserts that he is innocent of the charges against him and did not commit any of the charged offenses"). On July 19, 2023, the court heard argument on the motion to withdraw. There, defense counsel argued that Appellant was not guilty of the offense of concealing the whereabouts of a child because defense counsel claimed that "everybody" knew where the minor was located. After argument, the court denied Appellant's motion to withdraw his guilty plea. The court explained that it was bound by the post-sentence standard to withdraw a plea for this offense, and that Appellant had not met that high standard.

The court then proceeded to sentence Appellant on the remaining offenses. The court imposed concurrent terms of seven years' probation for both unlawful contact with a minor and corruption of minors (both of which were imposed concurrent to the previously imposed seven years' probation

_____

[3] The Commonwealth clarified that there was no present request to withdraw the plea at the time. (*Id.* at 13).

- 3 -

for concealing the whereabouts of a child). In addition, the court imposed a consecutive two years of probation for indecent assault without consent, for an aggregate term of nine years' probation.

On July 24, 2023, after retaining new counsel, Appellant timely filed a post-sentence motion to withdraw his guilty plea. In it, Appellant acknowledged that the earlier motion to withdraw included only a bald assertion of innocence. Nevertheless, Appellant insisted that he had "just and plausible reasons" to withdraw his guilty plea, and those reasons were simply not pled in the earlier motion. (Motion to Withdraw Guilty Plea, filed 7/24/23, at 3). On November 28, 2023, Appellant's post-sentence motion was denied by operation of law. Appellant filed a timely notice of appeal on December 27, 2023. Thereafter, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following two issues on appeal.

1. Did the court err and abuse its discretion on July 19, 2023 by denying Appellant's pre-sentence motion to withdraw guilty plea?

2. Did the court err and abuse its discretion [when] it failed to grant Appellant's post-sentence motion to withdraw guilty plea?

(Appellant's Brief at 9).

For purposes of disposition, we address Appellant's issues together. In his first issue, Appellant claims that the trial court abused its discretion when it denied his first motion to withdraw his guilty plea. Appellant asserts that

- 4 -

the court should have evaluated Appellant's motion under the standard for a pre-sentence motion to withdraw a guilty plea (instead of the standard for a post-sentence motion to withdraw a guilty plea) where the court had not sentenced Appellant on all offenses at the time of his motion. Appellant insists that under the standard for a pre-sentence motion to withdraw a plea, he brought forward a plausible claim of innocence and the Commonwealth would not be prejudiced if the motion were granted. Appellant concedes that the initial motion to withdraw did not contain specific information to support Appellant's claim of innocence. Nevertheless, Appellant submits that he met the requirements to show a plausible claim of innocence during argument when he asserted that, rather than concealing the whereabouts of the child, he had given the FBI the complainant's address.

In his second issue, Appellant challenges the denial of his second motion to withdraw his guilty plea. Appellant claims that he did not enter the plea voluntarily because he felt that his attorney hurried him to enter the plea when he had not yet received full discovery. In addition, Appellant attempts to assert a credible claim of innocence. Appellant emphasizes that DHS had deemed an earlier child protective services claim unfounded. Appellant further insists that some of the text messages were inadvertently sent because of a vision or medical condition, and that he attempted to locate the complainant and told authorities her whereabouts. Appellant concludes that the court erred by denying his motions to withdraw his guilty plea, and this Court should grant

relief.[4] We disagree.

Our review of the denial of a pre-sentence motion to withdraw a guilty plea implicates the following principles:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania [has] clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
> > Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, [704,] 115 A.3d 1284, 1291-92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such a request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013).

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal*

---

[4] Appellant also complains that the court erred by permitting Appellant's motion to be denied by operation of law, and that the court should have granted a hearing regarding the second motion to withdraw. As Appellant provides no legal authority in support of these claims, they are waived on appeal. ***See*** Pa.R.A.P. 2119(a), 2101.

*denied*, 650 Pa. 308, 200 A.3d 2 (2019) (quoting ***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa.Super. 2016), *appeal denied*, 641 Pa. 452, 168 A.3d 1254 (2017)).

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Carrasquillo, supra*** at 705-06, 115 A.3d at 1292 (internal citation omitted). "[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Commonwealth v. Islas***, 156 A.3d 1185, 1190 (Pa.Super. 2017) (footnote omitted).

Even if a defendant has presented a colorable claim of innocence to demonstrate a fair and just reason for withdrawal of his plea, he would not be entitled to withdraw his plea if such withdrawal would substantially prejudice the Commonwealth. ***Id.*** at 1192. As this Court has explained:

> Even if there is a 'fair and just reason' to permit withdrawal of a guilty plea, withdrawal should not be permitted if the prosecution has been 'substantially prejudiced.' It is settled law that "prejudice," in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled.

***Id.*** (quoting ***Blango, supra*** at 51).

With respect to post-sentence motions to withdraw a guilty plea, it is well settled that "[a] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Muhammad, supra*. A guilty plea will be deemed valid if an examination of the totality of the

circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Rush**, 909 A.2d 805 (Pa.Super. 2006).

Further, Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. **Commonwealth v. Pollard**, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Id.** at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." **Id.** at 524.

Instantly, the trial court explained:

> When Appellant pled guilty on February 16, 2023, [the trial] court colloquied Appellant to ensure he was pleading guilty knowingly, intelligently, and voluntarily. In conducting the colloquy, Appellant told the court that he understood the plea form in its entirety, that he was fifty-years-old, he had a Masters Degree from college, could read write and understand the English language, had never been treated for mental illness, was not under the influence of drugs or alcohol, understood his right to go to trial, understood what rights he was giving up by pleading guilty, agreed to the charges as listed by the Commonwealth, was pleading guilty of his own free will, pleading guilty was his own decision and that he was satisfied with the services of his attorney. Further, when asked if he had any questions at all, Appellant answered that he had no questions and confirmed his decision to plead guilty to this court after hearing the

> Commonwealth's recitation of the facts. Therefore, an examination of the totality of the circumstances reveals that Appellant acted knowingly, intelligently and voluntarily in entering his pleas of guilty.

(Trial Court Opinion, filed 4/11/24, at 9-10) (record citation formatting provided) (internal citations omitted).

The trial court explained that the standard for a post-sentence motion to withdraw a guilty plea applied because sentencing was bifurcated at Appellant's request. The court found that Appellant was not entitled to withdraw his plea under the post-sentence motion to withdraw standard because Appellant's bare assertion of innocence did not establish a manifest injustice if his request to withdraw were denied.

The court further considered Appellant's request under the pre-sentence standard, explaining:

> In Appellant's first Motion to Withdraw Guilty Plea filed June 20, 2023, Appellant merely asserts that "he is innocent of the charges against him and did not commit any of the charged offenses" and that the "Commonwealth will not be substantially prejudiced if petitioner is permitted to withdraw his guilty plea and proceed to trial[.”] These bald assertions do not warrant the withdrawal of Appellant's guilty plea.
>
> Insofar as Appellant's claim of innocence is concerned, it was relevant to [the trial] court that between the time of Appellant's February 2023 guilty plea and his June 2023 Motion to Withdraw Plea, "[a]t no time did Appellant ever assert his innocence[.”] ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa.Super. 2009), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010). Appellant arrived quite late for his April 25, 2023 sentencing and was informed that his sentencing would be continued to May 30, 2023 and left without informing [the trial] court of any desire to withdraw

- 10 -

his guilty plea.

Appellant failing to assert his innocence during this four-month time frame is just one of the reasons this court found him to lack credibility.[4] …

> [4] [The trial] court also found numerous discrepancies between what Appellant now avers and the actual record in this matter. For example, Appellant testified before [the trial] court on July 19, 2023 that he did not receive discovery "until some time in April," "felt compelled to" plead guilty, and that he had been "testing my lawyer to see, like, do you really know what's going on here." (N.T. Hearing, 7/19/23, 19, 21, 23). However, when Appellant pled guilty on February 16, 2023, Appellant both expressed that he was pleading guilty of his own free will without any additional factors motivating him to plead guilty and that he was happy with [plea counsel's] services. (N.T. Hearing 2/16/23, at 6-7). [The trial] court also considered that at no point during Appellant's guilty plea was it ever mentioned that there was any discovery violation, which Appellant testified to know about as early as February 4, 2023. … All of these factors failed to raise Appellant's bare assertion of innocence to a level that was at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of his plea. ***Commonwealth v. Norton***, 650 Pa. 569, 583, 201 A.3d 112, 120 (2019).

(Trial Court Opinion at 13-14) (some record citations omitted; citation formatting provided). Hence, the trial court concluded that even under the pre-sentence standard, Appellant was not entitled to withdraw his plea.

Initially, the record supports the trial court's application of the standard for a post-sentence motion to withdraw a guilty plea concerning Appellant's initial motion to withdraw his plea. Notably, defense counsel expressly stated at the guilty plea hearing that it was asking the court to sentence Appellant

on one of the offenses specifically to address the Commonwealth's concerns of Appellant later seeking to withdraw his plea. (*See* N.T. Plea Hearing, 2/16/23, at 11). Indeed, the crime for which Appellant asserted his innocence (concealing the whereabouts of a child), is the offense the court had already sentenced Appellant on when Appellant filed his initial motion to withdraw.

Nevertheless, we need not resolve the issue of whether Appellant's first motion to withdraw his plea should have been evaluated under the pre-sentence standard or post-sentence standard where Appellant was not entitled to withdraw his plea under either standard. *See Commonwealth v. Culsoir*, 209 A.3d 433, 438 (Pa.Super. 2019) (choosing not to resolve issue of whether motion to withdraw plea was pre- or post- sentence when filed in between bifurcated sentencing, where record supported trial court's conclusion that appellant was not entitled to withdraw guilty plea under either standard).

Here, Appellant executed a written guilty plea colloquy where he acknowledged the voluntariness of his plea and the rights he was relinquishing. Following the Commonwealth's factual basis for the plea, Appellant confirmed that he wished to plead guilty based upon those facts. Months after the guilty plea was entered, and without any profession of innocence in the meantime, Appellant offered a bare assertion of innocence. This profession of innocence came just prior to sentencing on the remaining offenses and after Appellant had already served months of his probationary sentence for the charge to which he now claims he was innocent. As the trial court noted, it was entitled to factor this delay into its determination of the

- 12 -

credibility of Appellant's profession of innocence. ***See Islas, supra***.

At the hearing prior to sentencing on July 19, 2024, Appellant again offered a bald claim of innocence to the concealing the whereabouts of a minor charge, claiming only that he had ultimately informed the FBI about the minor's whereabouts. Appellant did not assert his innocence with respect to the other offenses and did not dispute the Commonwealth's recitation of the underlying factual basis for the plea. On this record, we agree with the trial court that Appellant failed to set forth a plausible claim that he was innocent.[5] ***See Carrasquillo, supra***. Therefore, we conclude that the trial court did not abuse its discretion in denying Appellant's motions to withdraw his guilty plea. Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[5] Additionally, Appellant has not demonstrated that the Commonwealth would not be substantially prejudiced by the withdrawal of his plea. ***See Islas, supra***. As the Commonwealth explained during argument on Appellant's withdrawal request, the negotiated plea came about after a great deal of discussion between the parties. The Commonwealth *nolle prossed* three felonies and downgraded another offense to a misdemeanor as part of the plea agreement. Furthermore, the complainant in this case was present at Appellant's guilty plea hearing, and the Commonwealth explained that the reason for the negotiated plea and sentence was "to save [the complainant] from the emotional distress that can come from having to testify in a case like this." (N.T. Plea Hearing, 2/16/23, at 16). ***See also id.*** at 17 (stating: "That was the goal of this plea. The goal was to hold the defendant accountable and not have to [sub]ject [the complainant] to a trial and years of potentially appeals and things like that").

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/13/2025</u>